IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAMES LIGHT | ) | Civ. No. 05-00706 BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT |
| vs. | ) | JACK'S DIVING LOCKER'S |
| | ) | MOTION FOR ORDER |
| JACK'S DIVING LOCKER, in | ) | TERMINATING MAINTENANCE |
| personam and the Vessels NA PALI | ) | AND CURE AND GRANTING IN |
| KAI, NA PALI KAI II and BLUE | ) | PART AND DENYING IN PART |
| DOLPHIN, in rem, | ) | PLAINTIFF'S COUNTER- |
| | ) | MOTION FOR REINSTATEMENT |
| Defendants. | ) | OF MAINTENANCE AND CURE |
| _____ | ) | |

ORDER DENYING DEFENDANT JACK'S DIVING LOCKER'S MOTION FOR
ORDER TERMINATING MAINTENANCE AND CURE AND GRANTING IN
PART AND DENYING IN PART  PLAINTIFF'S COUNTER-MOTION FOR
REINSTATEMENT OF MAINTENANCE AND CURE

Before the Court is a motion by defendant Jack's Diving Locker

("Defendant") for an order terminating its maintenance and cure payments to

plaintiff James Light ("Light").  Also before the Court is Light's counter-motion

for the reinstatement of those maintenance and cure payments.  These motions

were both heard on August 8, 2007.  After careful consideration of the motions, of

the arguments of counsel, and of the supporting and opposing memoranda,

Defendant's motion for an order terminating maintenance and cure is hereby

DENIED and Light's motion for the reinstatement of maintenance and cure is hereby GRANTED IN PART and DENIED IN PART.

BACKGROUND

On December 6, 2006, as part of a settlement agreement between the parties, the Court entered a Stipulated Order directing defendants to pay maintenance and cure for Light's back condition "until such time as Plaintiff reaches MMI [("Maximum Medical Improvement")]. (Stipulated Order of December 6, 2006, at 2.) This order further provided that "Defendants shall have the right to request an independent medical examination (IME) on reasonable notice, to obtain further information on MMI status." (Stipulated Order of December 6, 2006, at 2-3.) By the time this order was filed, Light was already several months into his recovery from a February, 2006, back surgery.

Shortly after the order was filed, however, Light suffered a relapse of his pre-existing chronic fatigue syndrome. Light's treating physician for the chronic fatigue syndrome, Dr. Elzinga, wrote that he believed Light's chronic fatigue relapse was "likely related to his back injury and subsequent long term use of pain medication." (Light's Mem. Opp., Ex. A.) Despite Dr. Elzinga's opinion, Defendants initially refused to pay for chronic fatigue syndrome treatments as part of Light's maintenance and cure. On March 1, 2007, Light brought a motion to

2

enforce cure, including payment to Dr. Elzinga.  Defendants failed to file any opposition to this motion, which was subsequently granted by the Court.

On April 17, 2007, Light saw his back surgeon, Dr. Kitchel, for a one year follow up visit.  Light reported to Kitchel that he was "getting along quite well," but that his chronic fatigue syndrome was "limiting his recovery and he has not been able to do his therapy."  (Defs.' Mem. Supp., Ex. A.)  Kitchel found that Light could "arise[] from a chair without difficulty," that he stood erect, and that "his gait pattern [was] normal."  (Defs.' Mem. Supp., Ex. A.)  Finally, Kitchel advised Light that "he could pursue therapy at any time his chronic fatigue gets under control; otherwise, I think he has a reasonably good result."  (Defs. Mem. Supp., Ex. A.)

On June 20, 2007, Defendants unilaterally ceased payments to Light. They argue that Light is no longer entitled to maintenance and cure, and that in fact, Defendants may be entitled to be repayment of certain amounts already paid.

<u>RELEVANT LAW</u>

A seaman injured in the service of the ship is entitled to maintenance and cure until he reaches the point of maximum medical cure.  <u>Farrell v. United States</u>, 331 U.S. 511, 518 (1949).  This maximum medical cure is achieved "when it appears probable that further treatment will result in no betterment of the

3

seaman's condition.  <u>Pelotto v. L&N Towing Co.</u>, 604 F.2d 396, 400 (5th Cir.

1979.)  A vessel's owner is not liable for care that is only tended to reduce pain, or

which is not calculated to help cure the underlying medical condition.  <u>Whitman v.

Miles,</u> 287 F.3d 68, 71 (1st Cir. 2004).  "Although the injured seaman bears the

burden of establishing that he is eligible for maintenance and cure, the shipowner

has the burden of proving that maximum medical cure has been reached."  <u>Smith v.

Delaware Bay Launch Serv.</u>, 972 F.Supp. 836, 848 (D.Del. 1997).

Where another injury arises while an injured seaman is still recovering

from the first injury, but after the seaman has been discharged from service, the

seaman may be entitled to maintenance and cure for the second injury.  <u>See

Brahms v. Moore-McCormack Lines, Inc.</u>, 133 F.Supp. 283, 287 (D.N.Y. 1955).

However, this second maintenance and cure, unlike the maintenance and cure for

the original injury, "should not exceed [the time period] reasonable under the

circumstances and need not necessarily continue until plaintiff reaches a point of

maximum cure."  <u>Id.</u>

DISCUSSION

Defendants seek to terminate their maintenance and cure obligation to

Light on the grounds that he has reached maximum medical improvement for his

back injury, and that he is not entitled to separate maintenance and cure for his

4

chronic fatigue syndrome.  They also assert that Light's failure to disclose his
employment with another vessel is a further, independent ground for terminating
any remaining maintenance and cure obligations.  Light, on the other hand, argues
that he has not yet reached maximum medical cure for his back injury because he
has not been able to complete the prescribed physical therapy course.  He also
argues that he is entitled to maintenance and cure related to his chronic fatigue
syndrome relapse.  Finally, Light argues that he simply did not recall the three days
he worked on a different boat, and that he did not intentionally hide this fact from
either Defendants or the Court.

   Here, the Court finds that Defendants have not met their burden of
showing that Light has not yet reached maximum medical improvement for his
back condition.  Defendants argue that Dr. Kitchel's report "makes clear that James
Light's back problem has been resolved" (Defs.' Mem. Supp. Mot. 6), but this does
not appear to be the case.  Rather, Dr. Kitchel's report is ambiguous at best.  While
he states that Light can perform certain actions normally, he also told Light that he
could "pursue physical therapy at any time his chronic fatigue gets under control."
(Defs.' Mem. Supp., Ex. A.)  Defendants produce no evidence to show that such
physical therapy is merely palliative, and will not further improve Light's
condition.  Defendants had the ability under the December 6, 2006 Order to request

an independent medical exam of Light, but there is no evidence that they have done so. Dr. Kitchel's ambiguous report, by itself, is insufficient for Defendants to show that Light has reached maximum medical cure for his back.

Light, on the other hand, does provide quotes from several medical sources indicating that physical therapy for back injuries can be curative, rather than merely palliative. (See Pl.'s Mem. Supp. 14-15.) Moreover, Light's inability to continue with the physical therapy because of his chronic fatigue syndrome does not absolve Defendants of their maintenance and cure obligation. If Light must receive some treatment for his chronic fatigue syndrome in order to continue with the physical therapy for his back condition, Defendants are obligated to cover those expenses to the extent that they are necessary to help Light ultimately achieve maximum medical cure for his back.

Defendants are not, however, required to pay for Light to achieve maximum medical cure for his chronic fatigue syndrome itself. Light had the burden of establishing that he was entitled to maintenance and cure for this injury, and he did not meet that burden. Moreover, it does not appear to the Court that Light sustained the chronic fatigue syndrome injury while in the service of the ship. Thus, Light is entitled to chronic fatigue syndrome treatment only to the extent to which it will allow him to resume his physical therapy and achieve

6

maximum medical cure for his back injury.  The Court does note, however, that Light is not entitled to a lifetime of maintenance and cure.  If it appears that Light will not be able to return to physical therapy or otherwise achieve maximum medical cure, then Defendants may request that maintenance and cure be terminated by making an appropriate motion and by meeting the appropriate burden.

Finally, the Court will not cut off Light's maintenance and cure for his failure to disclose his three days of service on another vessel.  Light has sworn that he "simply did not remember working" those three days when questioned at his deposition.  (See Pl.'s Mem. Supp. Mot., Ex. B.)  Light does not appear to have attempted to defraud either Defendants or the Court, and the Court will not impose a remedy so drastic for what appears to have been a simple failure of memory.

## CONCLUSION

For the foregoing reasons, Defendants' motion to terminate maintenance and cure payments is hereby DENIED, and Plaintiff's motion to reinstate maintenance and cure is hereby GRANTED IN PART and DENIED IN PART.  Plaintiff's motion is GRANTED to the extent that Defendants must pay Light's maintenance and cure expenses for physical therapy, and for any chronic fatigue syndrome treatments that Light needs to be able to do complete the

7

physical therapy.  However, Plaintiff's motion is DENIED to the extent that it

seeks separate maintenance and cure for Light's chronic fatigue syndrome as a

separate injury.  In addition, Plaintiff's request for attorney's fees and expenses

associated with this motion is DENIED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 11, 2007

Light v. Jack's Diving Locker, Civ. No. 05-00706 BMK; ORDER DENYING DEFENDANT
JACK'S DIVING LOCKER'S MOTION FOR ORDER TERMINATING MAINTENANCE
AND CURE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
COUNTER-MOTION FOR REINSTATEMENT OF MAINTENANCE AND CURE